OPINION
Defendant Michael McCombs appeals a judgment of the Municipal Court of Delaware, Ohio, convicting and sentencing him for one count of no operator's license in violation of R.C. 4507.02 after appellant pled no contest. The magistrate entered a decision, which the trial court approved and journalized with the clerk of courts. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 APPELLANT'S DETENTION VIOLATED HIS FOURTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AS THE STOP WAS NOT BASED ON REASONABLE SUSPICION. THEREFORE, HIS MOTION TO SUPPRESS THE EVIDENCE GATHERED CONCERNING HIS LICENSE STATUS SHOULD HAVE BEEN GRANTED.
The record indicates Officer Kuntupis of the Genoa Township Police Department stopped appellant's 1979 Chevrolet truck in Genoa Township, Delaware County, Ohio, after the officer observed appellant towing a wood chipper with no operable tail lights, signal lights, or brake lights. Thereafter, the officer discovered appellant did not have an operator's license, and charged him with driving under suspension and no operator's license.
Appellant filed a motion to suppress evidence regarding his license status, arguing the stop of his truck was an illegal stop. The magistrate overruled the motion to suppress, and the court overruled appellant's objections to the magistrate's decision, and overruled the motion to suppress. The court found appellant guilty, and this appeal ensued.
In order to make a legal investigative stop, a police officer must be able to point to specific articulable facts that reasonably warrant the intrusion, see Terry v. Ohio (1968),392 U.S. 1.
Essentially, appellant urges the wood chipper he towed behind his truck was not subject to the equipment requirements of R.C. 4513, and as such, the officer could not point to any specific facts on which a reasonable suspicion to warrant a traffic stop could be based.
R.C. 4511.01(A) defines the term vehicle:
 "Vehicle" means every device, including a motorized bicycle, in, upon, or by which any person or property may be transported or drawn upon a highway, except motorized wheelchairs, devices moved by power collected from overhead electric trolley wires, or used exclusively upon stationary rails or tracks, and devices other than bicycles moved by human power.
R.C. 4511.01(M) defines the term trailer:
 "Trailer" means every vehicle designed or used for carrying persons or property wholly on its own structure and for being drawn by a motor vehicle, including any such vehicle when formed by or operated as a combination of a "semitrailer" and a vehicle of the dolly type, such as that commonly known as a "trailer dolly," a vehicle used to transport agricultural produce or agricultural production materials.
The parties stipulated the wood chipper was manufactured and used exclusively for the sole purpose of grinding tree limbs and branches, reducing them to wood chips. The wood chipper had no independent means of generating power to cause the wood chipper to become mobile. The wood chipper involved was not designed to be a device in, upon, or by which either a person or property may be transported or drawn on the highway, because the chipper and wheels are a single self-contained apparatus.
Appellant urges the plain meaning of the words and definitions of "vehicle" and "trailer" exclude a wood chipper mounted on wheels from the definition either the vehicle or trailer, and as such, appellant was not required to display working lamps.
In order to affirm the court's ruling on the motion to suppress, we do not have to determine this wood chipper was in fact a vehicle or trailer as defined by the Code. Instead, we must merely find the officer who observed the chipper had sufficient facts which warranted his performing a closer investigation of the nature of the wood chipper. We find, the fact it did not display the required lighting devices was sufficient to warrant the officer to make an investigative stop. The fact that the wood chipper may or may not have violated any law is irrelevant. An officer may make a legitimate and completely legal investigative stop even if, on closer examination, he determines there was no violation.
The State cites us to State v. Acord (May 23, 1997), Montgomery Appellate #CA16185, unreported, wherein in a similar case the court of appeals for Montgomery County found the traffic stop was reasonable based upon the arresting officer's testimony regarding the appearance of a flat bed trailer and its contents.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Delaware, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., concur.
Hoffman, J., dissents.